# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

---

BEATRICE FOY and GAIL SMITH on behalf of
themselves and all others similarly situated,

                Plaintiffs,

      v.

DURHAM D&M LLC

                Defendant.

---

**CLASS ACTION COMPLAINT**

**AND JURY DEMAND**

Beatrice Foy and Gail Smith ("Plaintiffs") on behalf of themselves and a class of those similarly situated, by way of Complaint against Durham D&M LLC (hereinafter referred to as "Defendant") by and through their counsel alleges as follows:

## NATURE OF THE ACTION

*1.* This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act"). The Plaintiffs were employees of the Defendant until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by the Defendant. As such, the Defendant is liable under the WARN Act for the failure to provide the Plaintiffs and the other similarly situated former employees or their union representative at least 60 days' advance written notice of termination, as required by the WARN Act.

## JURISDICTION AND VENUE

*2.* This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

*3.* The violation of the WARN Act alleged herein occurred in this District and more particularly in Memphis, TN. Venue in this Court is proper pursuant to 28 U.S.C §2104 (a)(5).

## THE PARTIES

*4.* Upon information and belief, at all relevant times Defendant is a Delaware corporation which maintained facilities throughout Tennessee (the "Facilities").

*5.* At all relevant times, Beatrice Foy was an employee who was employed by Defendant and worked at or reported to a facility located at 1384 Farmville Rd., Memphis, TN 38122 until her termination without cause on or about March 12, 2020 and thereafter.

*6.* At all relevant times, Gail Smith was a union employee who was employed by Defendant and worked at or reported to a facility located at 1384 Farmville Rd., Memphis, TN 38122 until her termination without cause on or about March 12, 2020 and thereafter.

*7.* On or about March 12, 2020 and thereafter, Defendant ordered the termination of the Plaintiffs' employment together with the termination of approximately 700 other employees who worked at or reported to the Facilities as part of a mass layoff and/or plant closing ordered by the Defendant as defined by the WARN Act, for which they or their union representative were entitled to receive 60 days advance written notice under the WARN Act.

*8.* At or about the time the Plaintiffs were terminated, Defendant ordered the termination of approximately 700 other similarly situated employees who worked at or reported to the Facilities (the "Other Similarly Situated Employees").

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

*9.* Pursuant to 29 U.S.C. § 2104 (a)(5), the Plaintiffs maintain this action on behalf of themselves and on behalf of each of the Other Similarly Situated Employees.

10. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

11. Defendant was required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Employees or their union representative at least 60 days advance written notice prior to their terminations.

12. Prior to their terminations, neither the Plaintiffs nor the Other Similarly Situated Employees nor their union representative received written notice that complied with the requirements of the WARN Act.

13. Defendant failed to pay the Plaintiffs and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)

14. The Plaintiffs bring this action, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and other employees who worked at the Facilities and were terminated as part of a mass layoff and/or plant closing ordered by the Defendant at the Facilities on or about March 12, 2020 and thereafter ("the "Class").

15. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

16. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

17. The claims of the representative party are typical of the claims of the Class.

18. The representative parties will fairly and adequately protect the interests of the class.

*19.* The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

*20.* A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where Plaintiffs and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

*21.* There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of the Defendant who worked at or reported to the Facilities;

(b) Whether Defendant terminated the employment of the Class Members as part of a mass layoff and/or plant closing without cause on their part and without giving them 60 days advance written notice;

(c) Whether the Defendant may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" defense.

(d) Whether Defendant's failure to provide 60 days notice should render it liable to the Class Members for 60 days pay and benefits.

## **CLAIM FOR RELIEF**

*22.* At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at each Facility.

*23.* At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a).

*24.* On or about March 12, 2020 and thereafter, the Defendant ordered a "mass layoff" and/or "plant closing" at the Facilities as that term is defined by 29 U.S.C. § 2101(a)(2)(3).

*25.* The Plaintiffs and the Class Members who were terminated by Defendant as a result of Defendant ordering a mass layoff and/or "plant closing" at the Facilities on or about March 12, 2020 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

*26.* The Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

*27.* Pursuant to Section 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 <u>et seq</u>., Defendant was required to provide at least 60 days prior written notice of the terminations.

*28.* Defendant failed to provide at least sixty (60) days prior notice to the Class Members, or their union representatives, of their terminations.

*29.* The Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

*30.* As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Plaintiffs and the Class Members were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**WHEREFORE**, the Plaintiffs and Class Members demand judgment against the Defendant as follows:

    a.    An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, for sixty (60) working days following the terminations, all determined in accordance with the WARN Act;

    b.    Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), the Plaintiffs and the Class Members constitute a single class;

    c.    Interest as allowed by law on the amounts owed under the preceding paragraphs;

    d.    Appointment of the undersigned attorneys as Class Counsel;

    e.    Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation for their services as such,

    f.    The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

    g.    Such other and further relief as this Court may deem just and proper.

Dated: October 5, 2020                    */s/* J. Gerard Stranch, IV
                                              J. Gerard Stranch IV, BPR #23045
                                              BRANSTETTER, STRANCH & JENNINGS, PLLC
                                              223 Rosa L. Parks Avenue, Suite 200
                                              Nashville, TN  37203
                                              P: (615) 254-8801
                                              gerards@bsjfirm.com

                                              LANKENAU & MILLER, LLP
                                              Stuart J. Miller (SJM 4276)*
                                              132 Nassau Street, Suite1100
                                              New York, NY 10038

P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, PC
Mary E. Olsen (OLSEM4818)*
M. Vance McCrary (MCCRM4402)*
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181

*Pro Hac Vice Applications Forthcoming*

*Attorneys for Plaintiffs*